Loa v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-215-CR

     PAUL LOA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-61-C
                                                                                                    

O P I N I O N
                                                                                                    

      Paul Loa appeals his conviction for burglary of a habitation. Loa was charged by indictment
with burglary of a house on October 3, 1991. He was found guilty by a jury, and, as a result of
two prior felony convictions that enhanced the range of punishment, the jury assessed punishment
at life in prison. Because the trial court erred in excluding evidence that a state's witness was
under arrest for aggravated robbery and aggravated kidnapping at the time her statement was given
to police officers, we reverse the judgment and remand the cause for a new trial.
      Loa's cousin, Carol Bare, was called to testify for the State. According to Bare, Loa
occasionally came to visit her when he was in town to see a girlfriend. Bare testified that one day
when Loa was at her apartment she had a conversation on the porch with a neighbor, Cynthia
Hernandez. Hernandez planned to pick her sister up at work at 1:30 p.m., and she agreed to give
Bare a ride when she returned. Bare testified that, after the conversation, Loa, who could have
overheard the conversation, left with Nellie Herrera and Ezekiel Larado. Bare also testified that
she talked with Loa the next day, and he told her that he and Larado had burglarized a house
somewhere on 30th and Maple. According to Bare, Hernandez also told her the next day that the
house her sister cleaned had been burglarized. 
      On cross-examination, Bare testified that on November 11, 1991, she gave a statement to
police officers concerning her conversation with Hernandez on October 3. According to Bare's
statement, she and Hernandez were talking about the "fancy house" on 30th and Maple where her
sister worked, and that the people were rich and had nice things in the house. Loa's attorney was
allowed to make, in the absence of the jury, an offer of proof to preserve Bare's testimony that
she was in jail at the time the November 11 statement was made. Bare testified that she had been
arrested with Loa and his sister, Priscilla Free, for the aggravated robbery and aggravated
kidnapping of Todd Quinn. The charges against all three, however, were later dropped. The
court sustained the State's objection to the offered testimony. As a result, Bare was not allowed
to testify in the presence of the jury that she had been under arrest for aggravated robbery and
aggravated kidnapping at the time her statement was given to the police.
      On appeal, Loa complains that the exclusion of the offered testimony was an impermissible
restriction of his right to confront and cross-examine the State's witness because it prevented him
from establishing a bias or motive for Bare to testify against him. It is well established that great
latitude should be allowed the accused in showing any fact that would tend to establish ill feeling,
bias, motive, and animus on the part of any witness testifying against him.


 In Evans v. State, the
court found that the accuracy and truthfulness of the witness' testimony was a key element in the
State's case.


 According to the court in Evans:
The claim of bias, interest and motive which the defense sought to develop was
admissible to afford a basis for an inference of undue pressure because of [the witness']
vulnerable status as an indictee, as well as of [the witness'] possible concern that he
might be a suspect in the offense.




      Because of the possibility that the charges against Bare could have been refiled, the fact that
the charges had been dismissed at the time of her testimony is not significant.


 Nor is the fact that
Bare was a suspect in another case rather than in the case on trial.


 In sustaining the State's
objection to Bare's testimony, the court expressed concern that if Loa offered Bare's testimony
that she had been under arrest for aggravated robbery and aggravated kidnapping, the State would
have been entitled to show that Loa was also in jail on the same charges. Although the trial court
was appropriately concerned about the admission of extraneous offenses against Loa, those
concerns should have been addressed by carefully permitting Loa to fully explore the possible
prejudices and biases of Bare without allowing him to cross-examination her on the details of the
offense.


 Instead of admonishing Bare not to make any references to Loa's involvement in the
extraneous offense, the court impermissibly restricted Loa's right to effective cross-examination,
which is a "constitutional error of the first magnitude and no amount of showing of want of
prejudice would cure it."


 Accordingly, we cannot determine beyond a reasonable doubt that the
error made no contribution to the conviction or to the punishment.


 Therefore, we sustain point
of error five.
      Because the error complained of in points one through three are not likely to recur on remand,
we will not consider points one through three. Furthermore, Loa's failure to request an instruction
to disregard the non-responsive answer complained of in point four waived that complaint. 
Therefore, without reaching Loa's remaining points, we reverse the judgment and remand the
cause for a new trial.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 31, 1993
Do not publish